UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

    **VALERIE H. SHAW**,             CASE NO.: **10-07287-PMG**

        Debtor (s).
_____/

    **GORDON P. JONES,**
    Chapter 7 Trustee,

        Plaintiff,            ADVERSARY NO.: **11-00095-PMG**

v.

    **VALERIE H. SHAW**,

        Defendant.
_____/

## **RESPONSE TO COMPLAINT**

COMES NOW the defendant, Valerie Shaw, and answers the complaint filed herein and states:

1. Defendant admits the allegations in Paragraphs 1 through 23 of Plaintiff's complaint.

2. Defendant denies the allegations in Paragraphs 24 and 25 of Plaintiff's complaint.

3. Defendant admits the allegations in Paragraphs 26 and 27 of Plaintiff's complaint.

4. Defendant denies the allegations in Paragraph 28 of Plaintiff's complaint and would state that the Trustee has not shown any intention to administer the real property owned previously by the Defendant.

5. Defendant admits the allegations in Paragraph 29 of Plaintiff's complaint.

6. Defendant denies the allegations in Paragraph 30 of Plaintiff's complaint and would show that they are not associated with a particular count. However, the Defendant is seeking equitable relief in Count I and Count II of Plaintiff's complaint and has not yet exhausted his legal remedies, which is a condition precedent to the bringing of an equitable action.

7. Defendant does not respond to Paragraph 31 of Plaintiff's complaint as said paragraph does not require response.

8. Defendant admits the allegations in Paragraphs 32 through 38. Defendant responds to Paragraph 39 by stating that the Defendant agrees with this allegation and further would request the court to include in this order determining that the Defendant no longer had an interest in the real property, a ruling that the Defendant therefore has no further responsibility for the property, including requirements to maintain it or any liability for any fines and penalties for failure of the property to be maintained.

9. Defendant does not respond to Paragraph 40 of Plaintiff's complaint.

10. Defendant admits the allegations of Paragraphs 41 through 45 of Plaintiff's complaint.

11. Defendant responds to Paragraph 46 of Plaintiff's complaint by stating that the Defendant has requested that the Trustee obtain an order requiring her to turn over the property so that she will be relieved from any further responsibility for the property. Plaintiff has failed and refused to do so.

12. Defendant denies the allegations of Paragraph 48. Defendant has taken no action to prevent the mortgage creditor from foreclosing this property, which constitutes surrender of the property to the mortgage holder.

13. Defendant admits the allegations of Paragraph 49 of Plaintiff's complaint.

14. Defendant denies the allegations of Paragraph 50 of Plaintiff's complaint and would state that Defendant has had to maintain the premises, and that a property subject to foreclosure has no reasonable, marketable value for its use in occupancy, and that it is not capable of being rented.

15. Defendant denies the allegations of Paragraph 51 of Plaintiff's complaint.

16. Defendant denies the allegationg of Paragraph 52 and further states that she has maintained the property during her occupancy of it, which maintenance provides value to the estate, if the real property has any value to the estate.

17. Defendant denies the allegations of Paragraph 53 of Plaintiff's complaint.

18. Defendant denies the allegations of Paragraph 54 of Plaintiff's complaint and would further show that Plaintiff is not entitled to recover in *quantum meruit* because the Plaintiff has an adequate remedy provided for by law under ejectment, and further that a trustee has sought such remedy in Count IV of this complaint.

19. Defendant does not respond to Paragraph 55 of Plaintiff's complaint in that said paragraph does not require response.

20. Defendant admits the allegations of Paragraph 56 and 57 of Plaintiff's complaint.

21. Defendant denies the allegations of Paragraph 58 and would state that she was already present on the property at the time the petition was filed.

22. Defendant denies the allegations of Paragraph 59 of Plaintiff's complaint by stating that although she has no need to use and occupy the real property, it does not result in damage to the estate in that the property has no value to the estate because the mortgage on it is very delinquent and the property is therefore is incapable of

producing income for the estate. Additionally, the property has no equity and cannot be sold.

23. Defendant denies the allegations of Paragraph 60 of Plaintiff's complaint.

24. Defendant does not respond to Paragraph 61 of Plaintiff's complaint in that no response is required.

25  Defendant admits the allegations of Paragraph 62 through 65 of Plaintiff's complaint.

26. Defendant denies the allegations of Paragraph 66 of Plaintiff's complaint and would state that Defendant has simply conditioned her delivery of possession of the property to the Trustee upon his obtaining a turnover order or otherwise agreeing to be responsible for all further maintenance and liability for the property.

27. Defendant responds to Paragraph 67 by admitting same and further stating that the Trustee is not owed any money for the use and occupancy of the real property since that use and occupancy has no value.

28. Defendant admits the allegations of Paragraph 68 of Plaintiff's complaint.

29. Defendant denies the allegations of Paragraph 69 of Plaintiff's complaint.

30. Defendant has not responded to Paragraphs 70 through 76 of Plaintiff's complaint because they are subject to a pending motion to dismiss.  In the event the motion to dismiss is denied, Defendant would admit Paragraphs 71 through 74 and deny Paragraphs 75 and 76 of said complaint.

31. Defendant does not respond to Paragraphs 77 through 92 of Plaintiff's complaint in that they are subject to a motion to dismiss. In the event the motion to dismiss is denied, Defendant responds as follows:

Defendant admits Paragraphs 78 through 81 of the complaint, and denies Paragraphs 82, 83 and 84 of the complaint.

Defendant responds to Paragraph 85 that the Defendant has simply failed to deliver possession of her property because of the trustee's failure to assume responsibility of the property, indicating he does not intend to administer it.

Defendant denies the allegations of Paragraphs 86 and 87 of Plaintiff's complaint.

Defendant denies the allegations of Paragraph 88 by stating that her failure to turn over the property to the trustee is only because the trustee has refused to accept responsibility for the property upon its turnover.

Defendant responds to Paragraphs 89 through 92 by stating that the trustee has confused the concept of surrendering (as required by her statement of intentions, which is surrender to the secured creditor) with surrendering to the trustee. Based thereon, Defendant denies these allegations.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Response to Complaint was furnished to Gordon P. Jones, Trustee, via the estate's attorney, Jacob A. Brown, 50 N Laura St, Suite 3100, Jacksonville, FL 32202, electronically, on the ___25th___ day of March, 2011.

/s/ Edward P. Jackson
EDWARD P. JACKSON
255 N. Liberty Street, 1st Floor
Jacksonville, FL 32202
(904) 358-1952
(904) 358-1288 fax
Florida Bar No.: 286648
Attorney for Debtors