**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

VALERIE H. SHAW,                                             Case No.: 3:10-bk-07287-PMG

             Debtor.                                             Chapter 7

_____/

GORDON P. JONES,  Chapter 7 Trustee,               Adv. Pro. No.: 3:11-ap-00095-PMG

      Plaintiff,

v.

VALERIE H. SHAW,

      Defendant.

_____/

**TRUSTEE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**
**COUNT VI – ACTION FOR REVOCATION OF DISCHARGE**

      Plaintiff, Gordon P. Jones, Chapter 7 Trustee, by and through his undersigned counsel,

files this Response in Opposition to the Motion of Defendant, Valerie H. Shaw, to Dismiss Count

VI – Action for Revocation of Discharge, and says in support thereof:

**PROCEDURAL BACKGROUND**

      1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§

157(b)(2) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

      2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      3.      On August 20, 2010 (the "Petition Date"), Valerie H. Shaw (the "Defendant")

filed a voluntary petition for Chapter 7 relief (the "Petition") in the United States Bankruptcy

Court for the Middle District of Florida, Jacksonville Division (the "Court"), styled as *In re*

*Valerie H. Shaw, Debtor*, Case No.: 3:10-bk-07287-PMG (the "Main Case").  Gordon P. Jones

(the "Trustee") was appointed as Chapter 7 Trustee in the Main Case.

4.     On February 23, 2011, the Trustee filed his Complaint for (i) Declaratory

Judgment, (ii) Recovery of Value, (iii) Trespass to Real Property, (iv) Ejectment, (v) Conversion,

and (vi) Revocation of Discharge (the "Complaint")

5.     On March 25, 2011, the Defendant filed a Motion to Dismiss Count VI – Action

for Revocation of Discharge (the "Motion to Dismiss").

6.     The Trustee opposes the Motion to Dismiss and seeks entry of an Order denying

the Motion to Dismiss on grounds that the facts and allegations in the Complaint, if taken as true,

would entitle the Trustee to revocation of the Defendant's discharge.

## LEGAL ANALYSIS

7.     Rule 7012, Federal Rules of Bankruptcy Procedure, lists several enumerated

defenses which may be raised by motion, and incorporates by reference subdivisions (b) through

(h) of Rule 12, Federal Rules of Civil Procedure.

8.     In ruling on a motion to dismiss, the Court must accept all facts set forth in the

complaint as true, and must liberally construe the allegations in the complaint in the light most

favorable to the plaintiff.  *See Theater v. Palm Beach County Sheriff's Office*, 449 F.3d 1342,

1352 (11th Cir. 2006); *75 Acres, LLC v. Miami Dade County*, 338 F.3d 1288, 1293 (11th Cir.

2003)

9.     In seeking dismissal of a complaint for failure to state a claim, the movant bears

the "very high burden" of showing that the plaintiff cannot conceivably prove any set of facts

that would entitle him to relief.  *See Beck v. DeLoitte & Touche*, 144 F.3d 732, 735-736 (11th

Cir. 1998) (quoting *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)).

10.     The threshold of sufficiency a complaint must meet to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *Kissimmee River Valley Sportsmen's Ass'n. v. City of Lakeland*, 60 F.Supp.2d 1289, 1291 (N.D. Fla. 1999) aff'd, 250 F.3d 1324 (11th Cir.), cert. denied, 534 U.S. 1040 (2001).

11.     The liberal rules for sufficiency of a complaint make it a rare case in which a motion to dismiss for failure to state a claim should be granted. *See Covad Communications Co. v. BellSouth Corp.*, 299 F.3d 1272, 1279 (11th Cir. 2002); *75 Acres, LLC v. Miami Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (stating a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief).

12.     In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court held, "a plaintiff's obligation to provide the 'grounds' of his "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…." *Id.* at 555.

13.     As the Eleventh Circuit, interpreting *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1929, 1937 (2009), held, "A complaint must state a plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal, supra,* and *Twombly,* 550 U.S. at 570) (citations omitted, emphasis in original).

14.     The Defendant's Motion to Dismiss fails to demonstrate that the Trustee cannot prove any facts that would entitle him to relief.

15.     Moreover, the Complaint is replete with specific factual allegations and exhibits related to the Trustee's request for revocation of the Defendant's discharge, including, *inter alia*, (1) the Defendant's signed Petition, whereby the Defendant did not claim any entitlement to the constitutional homestead exemption; (2) the Defendant's signed Statement of Intention, whereby the Defendant declared under penalty of perjury that her homestead would be surrendered; (3) the fact that the Defendant has failed to turnover her homestead to the Trustee; (4) the fact that the Defendant has refused to pay the Trustee for her use and occupation of her homestead since the Petition Date; (5) the fact that the Defendant has not surrendered her homestead to the Trustee; and (6) the fact that the Defendant has failed to deliver possession of her homestead to the Trustee.

16.     The facts and exhibits set forth in the Complaint are incorporated by reference herein.

WHEREFORE, Plaintiff, Gordon P. Jones, Chapter 7 Trustee, respectfully requests this Court enter an Order denying the Motion of Defendant, Valerie H. Shaw, to Dismiss Count VI – Action for Revocation of Discharge and granting such other and further relief as the Court deems just and proper.

Dated: April 27, 2011.                    AKERMAN SENTERFITT

By: /s/ Jacob A. Brown
    Jacob A. Brown
    Florida Bar No.: 0170038
    Email: jacob.brown@akerman.com
    Mary K. Coxe
    Florida Bar No.: 068549
    Email: katie.coxe@akerman.com
    50 North Laura Street, Suite 3100
    Jacksonville, FL  32202
    Telephone:  (904) 798-3700
    Facsimile:  (904) 798-3730

Attorneys for Plaintiff, Gordon P. Jones, Chapter Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by either electronic notification or U.S. Mail, postage prepaid and properly addressed, on the 27th day of April, 2011, to:

Edward P. Jackson, Esq.
Edward P. Jackson, P.A.
255 North Liberty Street, First Floor
Jacksonville, FL 32202

/s/ Jacob A. Brown
Attorney

{JA617315;2}